## IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Randy Scott BRAGDON, Attorney at Law.

Supreme Court

*No. 88–1910–D. Filed April 25, 1989.*

(Also reported in 438 N.W.2d 226.)

PER CURIAM.   *Attorney disciplinary proceeding; attorney's license suspended.*

The referee recommended that the license of Randy Scott Bragdon to practice law in Wisconsin be suspend-

ed for a period of six months as discipline for professional misconduct consisting of his having continued to practice law in Wisconsin while suspended from membership in the State Bar because of his failure to pay association dues and to comply with continuing legal education requirements and his failure to respond to inquiries of the Board of Attorneys Professional Responsibility (Board) in the course of its investigation into the matter. We determine that the recommended six-month suspension of Attorney Bragdon's license to practice law in Wisconsin is appropriate discipline for his intentional disregard of the court's rules requiring attorneys licensed to practice in the state to attend continuing legal education programs and with the court's rule then in effect requiring licensed attorneys to maintain membership in the State Bar of Wisconsin (State Bar). That professional misconduct was aggravated by Attorney Bragdon's failure to respond when questioned about it by the court's investigating authority.

Attorney Bragdon was admitted to practice law in Wisconsin in September, 1979, and practiced in South Milwaukee and Racine prior to relocating to another state. He has not previously been the subject of an attorney disciplinary proceeding. The referee in this proceeding is Attorney S. Michael Wilk.

Attorney Bragdon failed to appear or otherwise participate in this disciplinary proceeding after he was personally served with a copy of the Board's complaint and order to answer. Accordingly, the referee heard this matter as a default. He found that Attorney Bragdon was suspended from membership in the State Bar in November, 1981, for nonpayment of dues and was again suspended from membership the following month for

his failure to comply with the attendance and reporting requirements relating to continuing legal education.

From November, 1981, through August, 1986, Attorney Bragdon continued to practice law in the state, notwithstanding that his suspension from State Bar membership rendered him ineligible to practice law under the court's rules, SCR 10.01 and 10.03(4), establishing active membership in the association as a condition precedent to the right to practice law.[1] During that time he served as assistant district attorney and as assistant county corporation counsel, in which positions he appeared before the courts of this state and held himself out to judges and parties as an attorney licensed to practice. In August, 1986, Attorney Bragdon's employer learned of his suspension from membership in the State Bar and gave him the choice of resigning his position as assistant corporation counsel or being terminated. Attorney Bragdon did not resign and was terminated on August 22, 1986, following which he moved out of the state.

In the course of its investigation into this matter, the Board wrote to Attorney Bragdon on three occasions asking him to respond to allegations that he had continued to practice law while suspended from membership in the State Bar and had misrepresented his status as an attorney while his membership was suspended. Attorney Bragdon did not respond to any of those letters.

---

[1]On May 26, 1988, the court suspended enforcement of these provisions requiring association membership while litigation on the issue of mandatory membership is pending in the federal courts and until further order of the court.

On the basis of these facts, the referee concluded that Attorney Bragdon violated SCR 20.18(2),[2] which prohibits an attorney from practicing law in a jurisdiction where to do so would be a violation of that jurisdiction's regulations of the profession. The referee also concluded that by misrepresenting his status as an attorney while suspended from State Bar membership, Attorney Bragdon engaged in conduct involving misrepresentation, contrary to SCR 20.04(4).[3] Finally, the referee concluded, Attorney Bragdon's failure to respond to Board inquiries violated SCR 22.07(2) and 21.03(4).

We adopt the referee's findings of fact and conclusions of law and accept the recommendation for discipline in this matter. In addition to the six-month suspension, the referee recommended that Attorney Bragdon be required to pay the costs of this proceeding within 60 days.

IT IS ORDERED that the license of Randy Scott Bragdon to practice law in Wisconsin is suspended for a period of six months, effective the date of this order.

IT IS FURTHER ORDERED that within 60 days of the date of this order Randy Scott Bragdon pay to the Board of Attorneys Professional Responsibility the costs of the disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Randy Scott Bragdon to practice law in Wisconsin shall be suspended until further order of the court.

---

[2]The corresponding rule of the Code of Professional Conduct for Attorneys is SCR 20:5.5(a).

[3]The corresponding rule of the Code of Professional Conduct for Attorneys is SCR 20:8.4(c).

IT IS FURTHER ORDERED that Randy Scott Bragdon comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.